Vincent M. De Orchis, Esq. (VMD-6515)
DEORCHIS, & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for Defendant,
UPS OCEAN FREIGHT SERVICES, INC.;
UPS SUPPLY CHAIN SOLUTIONS.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHINKONG INSURANCE CO. LTD.;

        Plaintiffs,    ECF CASE

 - against -

               08 Civ. 195 (PKL)

UPS OCEAN FREIGHT SERVICES INC.;
UPS SUPPLY CHAIN SOLUTIONS;   ***ANSWER TO COMPLAINT***
M/V "BEI DAI HE", her engines, tackle,
Boilers, etc.;

        Defendants.
-----------------------------------------------------------x

 Defendants UPS OCEAN FREIGHT SERVICES INC. and UPS SUPPLY CHAIN SOLUTIONS (collectively "UPS"), through their undersigned attorneys, allege for its Answer as follows:

## FIRST CAUSE OF ACTION

 1. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

 2. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Admit that UPS OCEAN FREIGHT SERVICES INC. and UPS SUPPLY CHAIN SOLUTIONS are corporations organized under the laws of and with their principal places of business in, one of the fifty states, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Admit this action involves a shipment of lighting products, flood lights and lamps loaded in container MOGU201847, which was shipper stuffed and sealed, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Deny each and every allegation contained in paragraph 8 of Plaintiffs' Complaint..

7. Deny each and every allegation contained in paragraph 8 of Plaintiffs' Complaint.

8. Deny each and every allegation contained in paragraph 9 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

9. UPS repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 8 inclusive of this Answer, with the same force and effect as if herein set forth at length.

10. Deny each and every allegation contained in paragraph 10 of Plaintiffs' Complaint.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS
SET FORTH IN THE COMPLAINT, DEFENDANTS UPS OCEAN FREIGHT
SERVICES INC. and UPS SUPPLY CHAIN SOLUTIONS ALLEGE UPON
INFORMATION AND BELIEF AS FOLLOWS:**

11. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 10 inclusive of this Answer, with the same force and effect as if herein set forth at length.

### FIRST AFFIRMATIVE DEFENSE

12. The complaint fails to state a cause of action upon which relief can be granted as against defendants.

### SECOND AFFIRMATIVE DEFENSE

13. If any loss and/or damage was sustained by plaintiff as alleged in the complaint, which is specifically denied, said loss and/or damage was solely caused by or contributed to by the fault, neglect, acts or omissions, breach of express and implied warranties, breach of bailment or breach of contract on the part of the shipper or receiver or the owner of the goods and/or their agents or the nature of the shipment or was caused by the acts or omissions of other persons or entities for whom answering defendants are neither responsible nor liable.

### THIRD AFFIRMATIVE DEFENSE

14. Plaintiff is not the real party in interest.

### FOURTH AFFIRMATIVE DEFENSE

15. There is no privity of contract between plaintiff and answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

16.   Plaintiff has failed to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

17.   Plaintiff was contributorily negligent in the events giving rise to the claims allegedly asserted herein and thus plaintiff's recovery, if any, must be diminished in proportion to plaintiff's own negligence.

### SEVENTH AFFIRMATIVE DEFENSE

18.   Any loss and/or damage to the shipment as alleged in the complaint, which is denied, was caused in whole or in part by plaintiff's failure to provide adequate instructions concerning the care of the shipment.

### EIGHT AFFIRMATIVE DEFENSE

19.   Answering defendant is not liable for any loss and/or damage to this shipment as alleged in the complaint, which is expressly denied, by reason of the terms, provisions, exceptions from liability, defenses, conditions, liberties and/or exceptions of the governing contract(s) of carriage, bill of lading, charter parties, contracts, statutes, conventions, Harter Act and/or the General Maritime Law.

### NINTH AFFIRMATIVE DEFENSE

20.   The maximum liability for UPS, if any, is $0.50/LB, or such lower amount as may be provided by any applicable law, as agreed to in the contact between plaintiff and UPS at Section 7.2 of the terms of its bill of lading.

## TENTH AFFIRMATIVE DEFENSE

21.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which defendant UPS is not liable under the Carriage of Goods by Sea Act, including but not limited to 46 U.S.C. Section 1304(2)(f) and (q), and by the separate terms of the contract of carriage.

## ELEVENTH AFFIRMATIVE DEFENSE

22.     Plaintiff failed to give timely notice of the alleged damage, loss or shortage and/or this claim is time barred as per the applicable legislation and/or terms of the subject dock receipt(s), bill(s) of lading, tariff(s), charter(s) and or contract(s) of affreightment.

## TWELFTH AFFIRMATIVE DEFENSE

23.     That if Plaintiff's cargo suffered any loss or damage, which defendant UPS denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea act, 46 U.S.C. Section 1304(2)(Q).

## THIRTEENTH AFFIRMATIVE DEFENSE

24.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of *force majeure* and/or forced theft, for which defendant UPS is not liable by the terms of the contract of carriage.

## FOURTEENTH AFFIRMATIVE DEFENSE

25.     Plaintiff has failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, UPS, prays:

    (a) That the Court adjudge that they have no liability for any loss or damage alleged in the Complaint and that they have and recover from Plaintiff their costs of defense incurred herein;

    (b)    that the Complaint be dismissed;

    (c)    that they may have such other and further relief as may be deemed just and proper in the premises.

Dated: New York, New York
       April 21, 2008

                                        **DeORCHIS & PARTNERS, LLP**
                                        Attorneys for Defendants UPS OCEAN FREIGHT SERVICES INC. and UPS SUPPLY CHAIN SOLUTIONS

                                        By: /s/ Vincent M. DeOrchis
                                            **Vincent M. De Orchis, Esq. (VMD-6515)**
                                            61 Broadway, 26th Floor
                                            New York, New York 10006-2802
                                            (212) 344-4700
                                            Our File: 2104-54